SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
Kevin Hong (SBN 299040)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff
MICHAEL RHAMBO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RHAMBO,<br><br>            Plaintiff,<br><br>    vs.<br><br><br>PREMIER RESOURCES ADAMS, LLC;<br>and DOES 1 to 10,<br><br>            Defendants. | **Case No.:**<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATIONS OF<br><br>1. AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 et seq.;<br><br>2. CALIFORNIA'S UNRUH CIVIL RIGHTS ACT;<br><br>3. CALIFORNIA'S DISABLED PERSONS ACT;<br><br>4. CALIFORNIA HEALTH & SAFETY CODE;<br><br>5. NEGLIGENCE |

Plaintiff MICHAEL RHAMBO ("Plaintiff") complains of Defendants PREMIER RESOURCES ADAMS, LLC; and DOES 1 to 10 ("Defendants") and alleges as follows:

**PARTIES**

1.     Plaintiff is a California resident with a physical disability. Plaintiff suffers from paraplegia due to T12 vertebrae thoracic spinal cord injury and is substantially

COMPLAINT - 1

1   limited in his ability to walk. Plaintiff requires the use of a wheelchair at all times when

2   traveling in public.

3          2.      Defendants are, or were at the time of the incident, the real property owners,

4   business operators, lessors and/or lessees of the real property for a liquor store

5   ("Business") located at or about 20040 E Arrow Hwy, Covina, California.

6          3.      The true names and capacities, whether individual, corporate, associate or

7   otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff,

8   who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of

9   Court to amend this Complaint when the true names and capacities have been

10  ascertained.  Plaintiff is informed and believes and, based thereon, alleges that each such

11  fictitiously named Defendants are responsible in some manner, and therefore, liable to

12  Plaintiff for the acts herein alleged.

13         4.      Plaintiff is informed and believes, and thereon alleges that, at all relevant

14  times, each of the Defendants was the agent, employee, or alter-ego of each of the other

15  Defendants, and/or was acting in concert with each of the other Defendants, and in doing

16  the things alleged herein was acting with the knowledge and consent of the other

17  Defendants and within the course and scope of such agency or employment relationship.

18         5.      Whenever and wherever reference is made in this Complaint to any act or

19  failure to act by a defendant or Defendants, such allegations and references shall also be

20  deemed to mean the acts and failures to act of each Defendant acting individually, jointly

21  and severally.

22                        **JURISDICTION AND VENUE**

23         6.      The Court has jurisdiction of this action pursuant to 28 USC §§ 1331 and

24  1343 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et*

25  *seq*.).

26         7.      Pursuant to pendant jurisdiction, attendant and related causes of action,

27  arising from the same nucleus of operating facts, are also brought under California law,

28

COMPLAINT - 2

1   including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1,

2   54, 54., 54.3 and 55.

3        8.      Plaintiff's claims are authorized by 28 USC §§ 2201 and 2202.

4        9.      Venue is proper in this court pursuant to 28 USC §1391(b).  The real

5   property which is the subject of this action is located in this district, Los Angeles County,

6   California, and that all actions complained of herein take place in this district.

7                               **FACTUAL ALLEGATIONS**

8        10.     In or about May of 2023, Plaintiff went to the Business.

9        11.     The Business is a liquor store business establishment, open to the public, and

10   is a place of public accommodation that affects commerce through its operation.

11   Defendants provide parking spaces for customers.

12        12.     While attempting to enter the Business during each visit, Plaintiff personally

13   encountered a number of barriers that interfered with his ability to use and enjoy the

14   goods, services, privileges, and accommodations offered at the Business.

15        13.     To the extent of Plaintiff's personal knowledge, the barriers at the Business

16   included, but were not limited to, the following:

17              a.      Defendants failed to comply with the federal and state standards for

18                      the parking space designated for persons with disabilities.  Defendants

19                      failed to provide proper van accessible space designated for the

20                      persons with disabilities as the "NO PARKING" markings painted on

21                      the surface of the access aisle were severely deteriorated, hindering

22                      visibility.

23              b.      Defendants failed to comply with the federal and state standards for

24                      the parking space designated for persons with disabilities.  Defendants

25                      failed to provide an access aisle with level surface slope.

26        14.     These barriers and conditions denied Plaintiff the full and equal access to the

27   Business and caused Plaintiff difficulty and frustration. Plaintiff wishes to return and

28   patronize the Business; however, Plaintiff is deterred from visiting the Business because

1    his knowledge of these violations prevents him from returning until the barriers are

2    removed.

3         15.    Based on the violations, Plaintiff alleges, on information and belief, that

4    there are additional barriers to accessibility at the Business after further site inspection.

5    Plaintiff seeks to have all barriers related to his disability remedied.  *See Doran v. 7-*

6    *Eleven*, *Inc*. 524 F.3d 1034 (9th Cir. 2008).

7         16.    In addition, Plaintiff alleges, on information and belief, that Defendants

8    knew that particular barriers render the Business inaccessible, violate state and federal

9    law, and interfere with access for the physically disabled.

10        17.    At all relevant times, Defendants had and still have control and dominion

11   over the conditions at this location and had and still have the financial resources to

12   remove these barriers without much difficulty or expenses to make the Business

13   accessible to the physically disabled in compliance with ADDAG and Title 24

14   regulations.  Defendants have not removed such barriers and have not modified the

15   Business to conform to accessibility regulations.

**FIRST CAUSE OF ACTION**

16

17   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

18        18.    Plaintiff incorporates by reference each of the allegations in all prior

19   paragraphs in this complaint.

20        19.    Under the Americans with Disabilities Act of 1990 ("ADA"), no individual

21   shall be discriminated against on the basis of disability in the full and equal enjoyment of

22   the goods, services, facilities, privileges, advantages, or accommodations of any place of

23   public accommodation by any person who owns, leases, or leases to, or operates a place

24   of public accommodation.  *See* 42 U.S.C. § 12182(a).

25        20.    Discrimination, *inter alia*, includes:

26             a.    A failure to make reasonable modification in policies, practices, or

27                   procedures, when such modifications are necessary to afford such

28                   goods, services, facilities, privileges, advantages, or accommodations

1  to individuals with disabilities, unless the entity can demonstrate that
2  making such modifications would fundamentally alter the nature of
3  such goods, services, facilities, privileges, advantages, or
4  accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).
5  b.  A failure to take such steps as may be necessary to ensure that no
6  individual with a disability is excluded, denied services, segregated or
7  otherwise treated differently than other individuals because of the
8  absence of auxiliary aids and services, unless the entity can
9  demonstrate that taking such steps would fundamentally alter the
10  nature of the good, service, facility, privilege, advantage, or
11  accommodation being offered or would result in an undue burden.  42
12  U.S.C. § 12182(b)(2)(A)(iii).
13  c.  A failure to remove architectural barriers, and communication barriers
14  that are structural in nature, in existing facilities, and transportation
15  barriers in existing vehicles and rail passenger cars used by an
16  establishment for transporting individuals (not including barriers that
17  can only be removed through the retrofitting of vehicles or rail
18  passenger cars by the installation of a hydraulic or other lift), where
19  such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).
20  d.  A failure to make alterations in such a manner that, to the maximum
21  extent feasible, the altered portions of the facility are readily
22  accessible to and usable by individuals with disabilities, including
23  individuals who use wheelchairs or to ensure that, to the maximum
24  extent feasible, the path of travel to the altered area and the
25  bathrooms, telephones, and drinking fountains serving the altered
26  area, are readily accessible to and usable by individuals with
27  disabilities where such alterations to the path or travel or the
28  bathrooms, telephones, and drinking fountains serving the altered area

1    are not disproportionate to the overall alterations in terms of cost and

2    scope.  42 U.S.C. § 12183(a)(2).

3    21.    Where parking spaces are provided, accessible parking spaces shall be

4  provided.  1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208.  One in every

5  eight accessible spaces, but not less than one, shall be served by an access aisle 96 in

6  (2440 mm) wide minimum and shall be designated "van accessible."  1991 ADA

7  Standards § 4.1.2(5)(b).  For every six or fraction of six parking spaces, at least one shall

8  be a van accessible parking space.  2010 ADA Standards § 208.2.4.

9    22.    For the parking spaces, access aisles shall be marked with a blue painted

10  borderline around their perimeter. The area within the blue borderlines shall be marked

11  with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting

12  with that of the aisle surface, preferably blue or white.  The words "NO PARKING" shall

13  be painted on the surface within each access aisle in white letters a minimum of 12 inches

14  (305 mm) in height and located to be visible from the adjacent vehicular way.  CBC §

15  11B-502.3.3.

16    23.    Here, Defendants failed to provide a proper access aisle as the "NO

17  PARKING" markings, which indicate the presence of the access aisle, were severely

18  deteriorated.

19    24.    Under the 1991 Standards, parking spaces and access aisles must be level

20  with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2.

21  Accessible parking spaces shall be at least 96 in (2440 mm) wide.  Parking access aisles

22  shall be part of an accessible route to the building or facility entrance and shall comply

23  with 4.3. Two accessible parking spaces may share a common access aisle. Parked

24  vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces

25  and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all

26  directions.  1991 Standards § 4.6.3.

27    25.    Here, the access aisle is not level with the parking spaces. Under the 2010

28  Standards, access aisles shall be at the same level as the parking spaces they serve.

COMPLAINT - 6

Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Id. No more than a 1:48 slope is permitted.

26.     Parking spaces complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.2.3.  2010 ADA Standards § 208.2.  Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.  *Id*.

27.     Here, Defendants failed to provide adequate numbers of accessible parking spaces in its facility as there was only one accessible parking space while there were about 40 regular parking spaces for the parking lot.

28.     A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).

29.     By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

30.     The Business has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

31.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

32.     California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry,

national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

33.     California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

34.     California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35.     The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

36.     The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA DISABLED PERSONS ACT**

37.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

38.     California Civil Code § 54.1(a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to

accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

39.    California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

40.    California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

41.    The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54.  Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

42.    The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

**FOURTH CAUSE OF ACTION**

**CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq.**

43.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

44.    Plaintiff and other similar physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code § 19955 et seq.  Plaintiff is a member of the public whose rights are protected by the provisions of California Health & Safety Code § 19955 et seq.

45.    The purpose of California Health & Safety Code § 1995 et seq. is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code.  The code relating to such public accommodations also require that "when sanitary facilities are made available for the public, clients, or employees in these stations, centers, or buildings, they shall be made available for persons with disabilities.

46.    Title II of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods (or use), services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a). Further, each and every violation of the ADA also constitutes a separate and distinct violation of California Civil Code §§ 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 54.3 and Business and Professions Code § 17200, et seq.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

47.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

48.     Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

49.     Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

50.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.     Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.     Award of all reasonable restitution for Defendants' unfair competition practices;

4.     Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.     Prejudgment interest pursuant to California Civil Code § 3291; and

6.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  August 2, 2023                    SO. CAL. EQUAL ACCESS GROUP


By:     _/s/ Jason J. Kim_____
        Jason J. Kim, Esq.
        Attorneys for Plaintiff

COMPLAINT - 11